Jared S. Dahle
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Telephone (406) 523-2500
Telefax (406) 523-2595
jsdahle@garlington.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,<br><br>    Plaintiff,<br><br>  v.<br><br>DALE KILFOY and DEANA KILFOY, individually and as owners of KIDFUN CHILDCARE and DOES 1-5,<br><br>    Defendants. | COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff American Bankers Insurance Company of Florida ("American Bankers"), by and through its attorneys, Garlington, Lohn & Robinson, PLLP, for its Complaint for Declaratory Judgment, states and alleges as follows:

    1.  American Bankers is a corporation organized and existing under the

laws of the State of Delaware, with its principal place of business located in Atlanta, Georgia. American Bankers is an insurance company which is authorized to, and does, transact business in the State of Montana.

2. Defendant Dale Kilfoy ("Dale") is a resident of Carbon County, Montana, and a citizen of the State of Montana.

3. Defendant Deana Kilfoy ("Deana") is a resident of Carbon County, Montana, and a citizen of the State of Montana.

4. Defendant Kidfun Childcare ("Kidfun") is a childcare business owned and operated by Dale and Deana and located in Carbon County, Montana.

5. American Bankers issued to Dale a mobile home policy, Policy No. PSM0203842 00 ("Policy"), effective April 10, 2016 to April 10, 2017, with a personal liability policy limit of $25,000 per occurrence as set forth in the Declarations Page. A true and accurate copy of the Declarations Page and Policy are attached hereto as Exhibit "A."

6. Suit has been initiated against Dale and Deana (collectively referred to as "Kilfoys") and Kidfun Childcare by way of a Complaint and Demand for Jury Trial ("Compl."), dated June 28, 2017, entitled *Cary Jones and Marcelle Jones, Individually and on Behalf of Their Minor Child, S.J. v. Deana Kilfoy and Dale Kilfoy, Individually and as Parents of J.K., a Minor, and as Owners of Kidfun Childcare, and Does 1-5*, Carbon County Cause No. DV-17-67 ("underlying

action"). A true and accurate copy of the Complaint is attached hereto as Exhibit B.

7. The Kilfoys tendered to American Bankers the defense and indemnification of the Complaint. American Bankers has agreed to defend the Kilfoys against the allegations set forth in the Complaint subject to a reservation of rights.

8. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship between the parties and because the amount in controversy exceeds the jurisdiction minimum of $75,000, exclusive of interest and costs.

9. The amount in controversy of this declaratory judgment action is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347–48 (1977).

10. This Court has subject matter jurisdiction in that value of the object of this litigation in the form of the claim for defense and indemnification of the claims against Dale, Deana and Kidfun in the underlying action, assuming liability is established, has a monetary equivalent in excess of the $75,000 jurisdictional threshold given the seriousness of the injuries and damages alleged in the underlying action.

11. The amount in controversy includes both the attorney's fees that will be incurred in defending the claims against Deana, Dale and Kidfun, together with any claimed obligation to indemnify them.

12. A reasonable reading of the value of the rights being litigated leads to the conclusion that the jurisdictional threshold is met for purposes of this Court's subject matter jurisdiction herein.

13. This Court has subject matter jurisdiction in that it is not a legal certainty that the claim involves less than the jurisdictional amount.

14. A real case or controversy exists between the parties as to whether American Bankers has any duty to defend or indemnify Kilfoys and Kidfun in the underlying action.

15. The gravamen of the Complaint are allegations of Kilfoys' and Kidfun's wrongful conduct in the form of a failure to provide the minor child of the Plaintiffs in the underlying suit with safe care at Kidfun, which allegedly resulted in the alleged sexual assault of Plaintiffs' minor child by Kilfoys' minor son while at Kidfun. Plaintiffs in the underlying action assert both compensatory and punitive damages.

16. Specifically, plaintiffs in the underlying action allege the following in the Complaint: Kidfun was operated by Kilfoys. Compl. ¶ 2. They allege that because they both have full-time jobs, they needed childcare for their 5-year old

child, known herein as S.J.  Compl. ¶ 6.  Plaintiffs allege that on or about September 19, 2016, another child at Kidfun, the Kilfoys' child, known herein as J.K., sexually assaulted S.J.  Compl. ¶ 11.  The suit further alleges that the Kilfoys and Kidfun knew, or should have known, since J.K. had assaulted another young child prior to his assault on S.J., that J.K. was a danger to other children under the Kilfoys' and Kidfun's care.  Compl. ¶ 17.  Nonetheless, they left children like S.J. unsupervised around J.K. and, predictably, she was assaulted.  Compl. ¶ 17.  S.J. and her parents have been severely damaged, and will continue to be severely damaged, by the Kilfoys' and Kidfun's failure to reasonably care for S.J. by negligently failing to remove and keep J.K. away from S.J., and/or alerting Plaintiffs of J.K's propensity to abuse so they could have removed S.J. from the Kilfoys' and Kidfun's care.  Compl. ¶ 20.

17.  Plaintiffs in the underlying action assert six (6) causes of action as follows:

> Count I - The Kilfoys and Kidfun negligently breached the duty to provide S.J. with safe care because they knew, or should have known, that J.K. was a danger or potential danger to other children which breach was the cause of the damages claimed by Plaintiffs;

> Count II - The Kilfoys negligently represented they provided a safe care environment for children like S.J., which representation was untrue, with no reasonable ground to believe it was true, with the intent to induce Plaintiffs to rely on it, Plaintiffs were unaware of its falsity of the representation and Plaintiffs were justified in relying on it, which resulted in their

being damaged;

Count III - The wrongful acts and/or omissions of the Kilfoys and Kidfun constitute negligent infliction of emotional distress;

Count IV - The Kilfoys breached their duty to control J.K. which resulted in Plaintiffs being damaged;

Count V - As a result of the Kilfoys' negligence, Plaintiffs have suffered a loss of consortium; and

Count VI - The acts or omissions of the Kilfoys constitute actual malice as statutorily defined warranting the imposition of punitive damages.

18. American Bankers contracts in the insuring agreement of the Policy with the following granting language.

> Liability provides protection against accidents that happen to somebody else, but that YOU are legally responsible for, subject to all policy terms and conditions. WE'LL pay under Personal Liability Coverage for damages YOU become legally obligated to pay when the damages occur on YOUR mobile home premises or result from YOUR personal actions . . . .

Policy at A-12.

19. As noted above, the Policy only provides coverage for accidents. Under Montana law, the term "accident" from the standpoint of the insured reasonably refers to any unexpected happening that occurs without intention or design on the part of the insured.

20. The allegation that Plaintiffs' daughter was sexually molested by the Kilfoys' son does not constitute an accident because such conduct is intentional

rather than unexpected. Consequently, there is no alleged accident to which coverage could apply under the liability coverage under the Policy.

21. The Policy provides a Sexual Acts Exclusion that applies to preclude coverage.

22. The Policy contains the Mobile Home Personal Liability Amendatory Endorsement which includes the following exclusion:

> Such coverages also do not apply to Bodily Injury or Property Damage arising out of any sexual act, including, but not limited to, assault, molestation, abuse, incest or rape.

Policy at A-24.

23. Because the gravamen of the claim is for the alleged sexual molestation of Plaintiffs' daughter by the Kilfoys' son, with the damage claims asserted by Plaintiffs in the underlying suit arising from the alleged sexual molestation, this exclusion applies directly to exclude any coverage for the claims set forth in the underlying action and American Bankers has no duty to defend or indemnify the Kilfoys and Kidfun.

24. This exclusion provision excludes the act of the Kilfoys' son as the alleged wrongdoer and also operates to exclude coverage for all the claims against the Kilfoys as his parents, and all the claims against Kidfun, including their alleged negligence, negligent misrepresentation, negligent infliction of emotional distress and the negligent failure to control their son.

25. The Policy provides a Business Pursuits Exclusion that applies to preclude coverage and states the following:

**LIABILITY DOESN'T PROVIDE PAYMENT FOR**

PERSONAL LIABILITY COVERAGE . . . DOESN'T PAY
FOR BODILY INJURY OR PROPERTY DAMAGE:
  Arising out of YOUR business pursuits . . . .

Policy at A-13.

26. The business pursuits exclusion in the Policy precludes coverage for all claims, including negligence claims against the Kilfoys and Kidfun, in connection with alleged sexual abuse by their son of Plaintiffs' daughter to whom daycare services at Kidfun were being provided. As such, the business pursuits exclusions directly applies to preclude coverage for the allegations set forth in the Complaint and American Bankers has no duty to defend or indemnify the Kilfoys or Kidfun.

**PRAYER FOR RELIEF**

WHEREFORE, having made its claim for declaratory relief, American Bankers prays:

1. That the Court ascertain, determine and declare that there is no coverage for any and all claims against the Kilfoys and Kidfun as set forth in the Complaint against them in the underlying action under the Policy;

2. American Bankers has no duty to defend or indemnify the Kilfoys and

Kidfun against the allegations set forth in the Complaint in the underlying action under the Policy, as a matter of law; and

3. That the Court grant such other and further relief as the Court deems just and proper.

DATED this 15th day of February, 2018.

/s/  Jared S. Dahle
Attorneys for Plaintiff